UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, <br> Plaintiff, <br> v. <br> PETRA MARTINEZ, STANLEY ATKINSON, et al., <br> Defendants. | Case No. 5:19-cv-02609-EJD <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

This matter comes before this Court on Defendants Petra Martinez and Stanley Atkinson's (collectively "Defendants") Notice of Removal from the Superior Court for Monterey County. Dkt. No. 1.[1] The underlying action, case number 18cv3101, is Plaintiff's unlawful detainer action against Defendants. Dkt. No. 1-1 at ¶ 2. Plaintiff alleges that it owns a property that Defendants have occupied, without Plaintiff's consent, since a foreclosure sale of the property. *Id*. at ¶ 5.

A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The court concludes that the removal is improper for several reasons. First, a third named defendant in the state action, Pamela Stone, has not joined in the Notice of Removal, which renders the Notice of Removal facially deficient. *Heimuli v. American Home Mortg. Servicing, Inc.*, No. 10-20 EMC, 2010 WL 1445601, at *1 (N.D. Cal. April 9, 2010) (citing *Prize*

---

[1] This is not the only unlawful detainer action Defendants have attempted to removed to federal court. *See e.g. The Bank of New York Mellon v. Atkinson et al*, No. 19-704 VC (attempting removal of Monterey County Superior Court case no. 18cv1806); *The Bank of New York Mellon v. Atkinson et al.*, No. 19-1594 EJD (attempting removal of Monterey County Superior Court case no. 18cv3101); *The Bank of New York Mellon v. Atkinson et al*, No. 19-2388 EJD (attempting removal of Monterey County Superior Court case no. 18cv1806).

Case No.: 5:19-cv-02609-EJD
ORDER REMANDING ACTION TO STATE COURT
1

*Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261 (9th Cir. 1999)).

Second, removal is not proper under section 1443. Removal under section 1443 requires the removing party to satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco,* 446 F.3d 996, 999 (9th Cir.2006) (quoting *Cal. v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel,* 446 F.3d at 999 (quoting *Sandoval,* 434 F.2d at 636). Defendants in the present case cannot satisfy this two-part test. Although Defendants assert in the Notice of Removal that their rights under the First, Fifth, Seventh, Ninth, and Fourteenth Amendments have been infringed and impaired in the state court action (Dkt. No. 1 at 1-2), Defendants do not explain how they were denied or cannot enforce in state court any law providing for the equal racial civil rights of citizens of the United States.

Third, removal is not proper under section 1441(b). Defendants are citizens of the state of California (Dkt. No. 1), and as such, they are "local" or "forum" defendants and cannot remove the case to federal court. 28 U.S.C. § 1441(b)(2); *see also Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal"). Moreover, even if section 1441(b)(2) did not bar removal, Defendants have not shown that the amount in controversy requirement for diversity jurisdiction has been met. Plaintiff in the underlying state court action seeks damages in the amount of $36.66 for every day after May 10, 2018 through entry of judgment. Because the damages sought from the allegedly unlawful possession of the property do not exceed $75,000 to date, the amount in controversy requirement has not been satisfied. *See Litton Loan Servicing, L.P. v. Villegas*, No. 110-5478 PJH, 2011 WL 204322 (N.D. Cal. Jan. 21, 2011) (calculating amount in controversy based on cumulative possession thus far).

The Court concludes that this case was improperly removed and accordingly REMANDS

Case No.: 5:19-cv-02609-EJD
ORDER REMANDING ACTION TO STATE COURT
2

1 the case to the Monterey County Superior Court.  The Clerk shall provide a copy of this order to

2 the Superior Court and close the file.

3 **IT IS SO ORDERED.**

4 Dated: June 3, 2019

_____
EDWARD J. DAVILA
United States District Judge